Leslie B. v. Winnacunnet Coop. Sch. D CV-94-530-SD  09/03/98
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Leslie B., by her parents,
 John C. and Nancy M.I.

        v.                              Civil No. 94-530-SD

Winnacunnet Cooperative
 School District

                          O R D E R

     In this action under 20 U.S.C. § 1415(e)(2) of the

Individuals with Disabilities Act (IDEA), both parties seek

clarification of this court's previous order dated April 9, 1998.

     Once a court holds that the public placement in an

individualized education program (IEP) is inappropriate under the

IDEA, it is authorized to "grant such relief as the court

determines is appropriate."  20 U.S.C. § 1415(e)(2).  Under this

section, the court enjoys "broad discretion," School Comm. v.

Department of Ed., 471 U.S. 359, 369 (1985), in fashioning

equitable relief, "including the appropriate and reasonable level

of reimbursement that should be required."  Florence County

School District Four v. Carter, 510 U.S. 7, 16 (1993).

     In the April 9, 1998, order, this court held that Leslie's

IEP for the 1994-95 school year was inappropriate.  The school

district urges this court to award reimbursement only for the

1994-95 school year because the parents' due process challenge pertained only to the IEP for the 1994-95 school year. However, the results under the year-by-year approach urged by the school district would be absurd. When parents challenge a proposed IEP for a particular year and remove their child to private school in the interim, the review process might take years to run its course. If a court several years later determines that the proposed IEP was inappropriate, but nonetheless awards reimbursement only for that one year, then the child receives a "free" education only for that one year. The school district unfairly benefits from the ponderous pace of the IDEA review process. To get full reimbursement for each year that review of the proposed IEP is pending, the parents must institute separate due process hearings challenging the tendered IEP for each successive year. Such a result would be inefficient.

Next, the school district argues that Leslie B.'s parents waived any right to reimbursement for the 1995-96 and the 1996-97 school years, pointing to an agreement signed by Leslie's mother. Courts generally are reluctant to find waivers of rights under the IDEA. See W.B. v. Matula, 67 F.3d 484, 498 (3d Cir. 1995) ("[For waivers of rights under the IDEA] we will apply the more searching standards reserved for waivers of civil rights claims, rather than general contract principles."). Under the terms of

2

the alleged agreement, the school district has suffered no detriment, and there is obviously no consideration to support the broad waiver that the school district alleges.  See CALAMARI AND PERILLO, THE LAW OF CONTRACTS, § 4-1, at 132 (2d ed. 1977) (explaining consideration).  Thus the alleged agreement is not an enforceable waiver.

Furthermore, the court will not take the alleged waiver into account in fashioning appropriate equitable relief.  The form was clearly drafted by school officials, and it could be interpreted as simply an understanding that Leslie would be attending a private school instead of Winnacunnet.  However, the form does not unambiguously express that the parents waive the right to reimbursement should a court ultimately adjudge inappropriate Leslie's IEP.

The court therefore finds that Winnacunnet must reimburse Leslie's parents for half of her tuition for the 1994-95, 1995-96, and 1996-97 school years.

In addition, the court finds that transportation costs are clearly related expenses under the IDEA, and may be included in the award of reimbursement.  However, the amount of transportation expense sought by plaintiff appears excessive. The school district has failed to raise the most clearly objectionable aspect of the plaintiff's request; namely, the

3

daily transportation rates.  Plaintiff seeks reimbursement for transportation costs at $60 per day.  Plaintiff has submitted no evidence to support this rate, not even an indication of how Leslie got to school (e.g., by bus, car, limo), or how far the school was from Leslie's home.

The court will give the plaintiff until October 1, 1998, to respond with evidence supporting the requested transportation rates.  The court reminds plaintiff that the question is not how much other children have received for transportation expense, but how much was actually spent transporting Leslie.  In addition, defendants have pointed to evidence of discrepancies between the number of days Leslie was allegedly transported to school and the number of days Leslie actually attended school.  If plaintiff wishes to submit evidence on this issue, she may do so.  At the end of thirty days, the court, in exercise of its broad equitable authority under the IDEA, will determine an award that represents reasonable reimbursement for both tuition and transportation.

4

<u>Conclusion</u>

The court grants both parties' motions for clarification, which has been provided herein.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 3, 1998
cc:  Leslie B., pro se
     Barbara F. Loughman, Esq.